[Crim. No. 1119. Third Appellate District.—August 4, 1930.]

THE PEOPLE, Respondent, v. A. L. SCHNEIDER, Appellant.

D. P. Eicke for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The indictment contains five counts, four charging separate forgeries and one charging the issuance and passing of a bank check without sufficient funds or credit for the payment thereof. The indictment also charged a prior conviction of the crime of issuing a check without sufficient funds for the payment thereof. The defendant was convicted of all the crimes charged and the jury found that he had suffered the alleged prior conviction. His motion for a new trial was denied and he was thereupon sentenced to imprisonment in the state prison as provided by law, the "sentences for said offenses to run consecutively." This appeal is from the judgment and the order denying a new trial.

The evidence of the defendant's guilt is direct and positive and without the slightest contradiction. Police officers testified that he admitted that he had committed other forgeries of checks. One of the officers testified: "I says, 'How many bum checks have you around at Oakland?' He says, 'I didn't have an adding machine to keep count of them.' "

No error has been discovered in the record. █ The case was tried twice. At the first trial the jury returned a verdict of guilty as charged and found that the defendant had suffered the alleged prior conviction. The trial court granted the defendant's motion for a new trial and permitted the district attorney to amend the indictment by charging more specifically the prior conviction alleged therein. Such an amendment is expressly authorized by section 969a of the Penal Code.

█ At his arraignment on the amended indictment the defendant pleaded "as to the prior conviction . . . that he . . . was placed in jeopardy on said charge" at the first trial. Obviously, there is no merit in the plea. Even if the charge of a prior conviction had been made after conviction and sentence and a trial had thereon, as provided by section 696a, the defendant would not have been thereby placed twice in jeopardy. (*Graham* v. *West Virginia*, 224 U. S. 616 [56 L. Ed. 917, 32 Sup. Ct. Rep. 583].),

The judgment and the order are affirmed.

Thompson (R. L.), J., and Plummer, J., concurred.